Gregory L. Spallas, SBN 129306
Kristin L. Oliveira, SBN 204384
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:  (415) 278-9400
Fax:  (415) 278-9411
gspallas@psalaw.net
koliveira@psalaw.net

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE KITER, | Case No. 2:08-CV-01147 WBS DAD |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| WAL-MART STORES, INC. | |
| Defendant. | |

The parties hereto stipulate to the following protective order:

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited

1  information or items that are entitled under the applicable legal principles to treatment as
2  confidential.  The parties further acknowledge, as set forth in Section 10, below, that this
3  Stipulated Protective Order creates no entitlement to file confidential information under seal;
4  Eastern District Local Rule 39-141 sets forth the procedures that must be followed and reflects
5  the standards that will be applied when a party seeks permission from the court to file material
6  under seal.

8  2.     DEFINITIONS
9         2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,
10 consultants, retained experts, and respective counsel (and their support staff).
11        2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the
12 medium or manner generated, stored, or maintained (including, among other things, testimony,
13 transcripts, or tangible things) that are produced by a party to this action or generated by a party
14 to this action in disclosures or responses to discovery in this matter.
15        2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated,
16 stored or maintained) or tangible things that concern Wal-Mart Stores, Inc. (referred herein as
17 "Wal-Mart"), may include but are not limited to, documents contained in the personnel files of
18 Wal-Mart's current and former employees (excluding plaintiff LENORE KITER), seminar
19 materials, instruction manuals, business operation plans, practice, policy and procedure
20 guidelines, and other documentation, records, and reports dealing with or relating to Wal-Mart's
21 corporate practices.
22        2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely
23 sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty
24 would create a substantial risk of serious injury that could not be avoided by less restrictive
25 means.
26        2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a
27 Producing Party.
28 /////

-2-
STIPULATED PROTECTIVE ORDER
U.S.D.C. – Eastern District of California, Case No. 2:08-CV-01147 WBS

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only," but shall not include those same materials or other materials that are lawfully obtained from a source other than a Party to this action.  A Party, however, may apply to the above-titled Court to designate as Protected Material any information or materials lawfully obtained from a source other than a Party to this action.

2.9   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

/////

/////

1    4.      <u>DURATION</u>

2         Even after the termination of this litigation, the confidentiality obligations imposed by
3 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
4 order otherwise directs.

5

6    5.      <u>DESIGNATING PROTECTED MATERIAL</u>

7         5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each
8 Party or non-party that designates information or items for protection under this Order must take
9 care to limit any such designation to specific material that qualifies under the appropriate
10 standards.  A Designating Party must take care to designate for protection only those parts of
11 material, documents, items, or oral or written communications that qualify – so that other
12 portions of the material, documents, items, or communications for which protection is not
13 warranted are not swept unjustifiably within the ambit of this Order.

14         If it comes to a Party's or a non-party's attention that information or items that it
15 designated for protection do not qualify for protection at all, or do not qualify for the level of
16 protection initially asserted, that Party or non-party must promptly notify all other parties that it
17 is withdrawing the mistaken designation.

18         5.2.     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
19 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
20 material that qualifies for protection under this Order must be clearly so designated before the
21 material is disclosed or produced.

22         Designation in conformity with this Order requires:

23        (a)     <u>for information in documentary form</u> (apart from transcripts of depositions or
24 other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
25 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page
26 that contains protected material.  If only a portion or portions of the material on a page qualifies
27 for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
28 making appropriate markings in the margins) and must specify, for each portion, the level of

1 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2 ATTORNEYS' EYES ONLY").

3     (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
4 Party or non-party offering or sponsoring the testimony identify on the record, before the close
5 of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
6 portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
7 ATTORNEYS' EYES ONLY."

8     When it is impractical to identify separately each portion of testimony that is entitled to
9 protection, and when it appears that substantial portions of the testimony may qualify for
10 protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
11 record (before the deposition or proceeding is concluded) a right to have up to 10 days to
12 identify the specific portions of the testimony as to which protection is sought and to specify the
13 level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately
15 designated for protection within the 10 days shall be covered by the provisions of this Stipulated
16 Protective Order.

17     Transcript pages containing Protected Material must be separately bound by the court
18 reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" or
19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or
20 nonparty offering or sponsoring the witness or presenting the testimony.  The Designating Party
21 of any such material shall bear any additional court reporter fees or costs that are caused by the
22 designation.

23     (c)   <u>for information produced in some form other than documentary, and for any other</u>
24 <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
25 container or containers in which the information or item is stored the legend
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only
27 portions of the information or item warrant protection, the Producing Party, to the extent
28 /////

practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 78-230 that identifies the challenged material and sets

forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

  (a) the Receiving Party's counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) the employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

  (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1      (d)    the court and its personnel;

2      (e)    court reporters, their staffs, and professional vendors to whom disclosure is
3  reasonably necessary for this litigation;

4      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably
5  necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal
6  Protected Material must be separately bound by the court reporter and may not be disclosed to
7  anyone except as permitted under this Stipulated Protective Order.  The party designating any
8  material in the deposition "CONFIDENTIAL" shall bear any additional court reporter fees or
9  costs that are caused by the designation.

10      (g)    the author of the document or the original source of the information.

11      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12  Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the
13  Designating Party, a Receiving Party may disclose any information or item designated
14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

15      (a)    the Receiving Party's Counsel of record in this action, as well as employees of
16  said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

17      (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary
18  for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
19  (Exhibit A),

20      (c)    the court and its personnel;

21      (d)    court reporters, their staffs, and professional vendors to whom disclosure is
22  reasonably necessary for this litigation; and

23      (e)    the author of the document or the original source of the information.

24      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably
25  necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal
26  Protected Material must be separately bound by the court reporter and may not be disclosed to
27  anyone except as permitted under this Stipulated Protective Order.  The party designating any
28  /////

1 material in the deposition "CONFIDENTIAL" shall bear any additional court reporter fees or costs that are caused by the designation.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the appropriate court. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material shall comply with Eastern District Local Rule 39-141.

11.   **FINAL DISPOSITION**.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material forever remain subject to this Protective Order as set forth in Section 4, above.

1. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR COUNSEL OF RECORD:

Dated: October 14, 2008            /s/-Alan Adelman as authorized on 10/14/08
                                   _____
                                   Alan Adelman
                                   LAW OFFICES OF ALAN ADELMAN
                                   Attorneys for Plaintiff

Dated: October 14, 2008            /s/-Elizabeth Mancl as authorized on 10/14/08
                                   _____
                                   Elizabeth Mancl
                                   Attorneys for Plaintiff

Dated: October 15, 2008            /s/-Kristin L. Oliveira
                                   _____
                                   Gregory L. Spallas
                                   Kristin L. Oliveira
                                   PHILLIPS, SPALLAS & ANGSTADT LLP
                                   Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated:  October 21, 2008.

                                   _____
                                   DALE A. DROZD
Ddad1/orders.civil/kiter1147.stipord   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order agreed upon by the parties in the action styled as *Lenore Kiter v. Wal-Mart Stores, Inc., et al, Case No. 2:08-CV-01147 WBS DAD.*

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order unless and until modified by any court Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the above-styled action.

Date: _____       City and State where sworn and signed:

_____

Print Name: _____

Signature: _____